'08 CIV 5318

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ROHAN HARRY,

                Plaintiff,

   -against-

CITY OF NEW YORK, RAYMOND JANSEN, ERIC
ROBINSON and JOHN and JANE DOE 1
Through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                Defendants

---------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

     Plaintiff ROHAN HARRY, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows.

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

    2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff ROHAN HARRY is a male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.  Defendant RAYMOND JANSEN was, at all times hereinafter mentioned, a duly sworn police officer of said department, and was acting under the supervision of said department and according to his official duties.

10. Defendant ERIC ROBINSON was, at all times hereinafter mentioned, a duly sworn police officer of said department, and was acting under the supervision of said department and according to his official duties.

11. That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

14. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

15. On December 1, 2006 beginning at approximately 3:50 a.m., plaintiff ROHAN HARRY was lawfully present in the vicinity of 77 Avenue D, New York, New York. At this time and place, the defendants, the City of New York, its agents, employees, supervisors, and police officers, acting under color of law, unlawfully, and without reasonable suspicion or any just cause, assaulted and battered, falsely arrested, unlawfully imprisoned, and maliciously prosecuted plaintiff.

16. At the aforesaid time and place, plaintiff was approached by one of the defendant police officers, who demanded that plaintiff move a car that plaintiff had been sitting in. Plaintiff, who had been in a passenger seat in the car, responded in substance by stating that he was not the driver, and that the car would be moved shortly. The defendant police officer grew angry and once again demanded that plaintiff move the car. Plaintiff responded by saying "Okay, please don't shoot me fifty times."

17. In retaliation for plaintiff's lawful statement, the defendant officer ordered

plaintiff to place his hands on the hood of his vehicle. Plaintiff was thereafter handcuffed and transported to an NYPD police precinct where plaintiff was subjected to an Intoxilyzer test. Although, on information and belief, the Intoxilyzer results clearly established that plaintiff was well within the legal limit, and notwithstanding that plaintiff had *not* operated any motor vehicle while under the influence of alcohol – in the officer's presence or otherwise - plaintiff was detained in a cell, and then transported to a Manhattan Central Booking, where he was unlawfully incarcerated overnight, until his arraignment on false charges in the following afternoon. Upon information and belief, all purported criminal charges against Plaintiff were dismissed on or about March 14, 2007 via the concession of the District Attorney's office that they could not prevail on the charges against plaintiff.

18. All of the above occurred while other NYPD officers witnessed and failed to intervene in the illegal conduct described herein.

19. As a result of the foregoing, plaintiff ROHAN HARRY sustained, *inter alia,* physical injuries, emotional distresses, embarrassment, and humiliation, and deprivation of his liberty and constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Violation of First Amendment under 42 U.S.C. § 1983)

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiff ROHAN HARRY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. § 1983.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

26. The defendants arrested plaintiff in retaliation for plaintiff's lawful comments about a highly publicized and controversial matter involving the police department. Accordingly, plaintiff's rights under the First Amendment were violated.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28. Defendants had an affirmative duty to intervene on behalf of plaintiff ROHAN HARRY, whose constitutional rights were being violated in their presence by other officers.

29. The defendants failed to intervene to prevent the unlawful conduct described herein.

30. As a result of the foregoing, plaintiff ROHAN HARRY'S liberty was restricted

for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants detained the plaintiff and held him in police custody for an extended period of time until his arraignment on December 2, 2006.

33. The false arrest of the plaintiff violated his Fourth and Fourteenth Amendment rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants maliciously issued criminal process against plaintiff ROHAN HARRY by causing him to be arraigned and prosecuted in Criminal Court. .

36. Defendants caused plaintiff ROHAN HARRY to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff ROHAN HARRY.

39. Defendants caused plaintiff ROHAN HARRY to be prosecuted without any probable cause until the charges were dismissed on or about March 14, 2007.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching and seizing citizens of African American descent and then manufacturing allegations against said individuals to justify said illegal stops, searches and seizures.. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROHAN HARRY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROHAN HARRY.

44. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROHAN HARRY as alleged herein.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ROHAN HARRY as alleged herein.

46.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ROHAN HARRY was unlawfully seized, detained, incarcerated, prosecuted, and subjected to physical restraints and loss of liberty.

47.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROHAN HARRY'S constitutional rights.

48.     All of the foregoing acts by defendants deprived plaintiff ROHAN HARRY of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from seizure and arrest not based upon probable cause;

    C.     To be free from malicious abuse of process;

    D.     To be free from false imprisonment/arrest;

    E.     To be free from malicious prosecution;

    F.     To be free from the use of excessive force and/or the failure to intervene.

49.     As a result of the foregoing, plaintiff ROHAN HARRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

54. Plaintiff has complained with all conditions precedent to maintaining the instant action.

55. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

56. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

58. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

59. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

60. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ROHAN HARRY.

61. As a result of the aforementioned conduct, plaintiff ROHAN HARRY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants intentionally confined the plaintiff and held him in police custody for an extended period of time until he was releases after his arraignment.

64. As a result of the aforementioned conduct, plaintiff ROHAN HARRY was unlawfully imprisoned in violation of the laws of the State of New York.

### AS AND FOR THE NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants maliciously issued criminal process against plaintiff ROHAN HARRY by causing him to be arraigned and prosecuted in Criminal Court. .

67. Defendants caused plaintiff ROHAN HARRY to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ROHAN HARRY.

70. Defendants caused plaintiff ROHAN HARRY to be prosecuted without any probable cause until the charges were dismissed on or about March 14, 2007.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ROHAN HARRY.

73. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff ROHAN HARRY.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

80. As a result of the foregoing, plaintiff ROHAN HARRY is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff ROHAN HARRY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
June 3, 2008

> LEVENTHAL & KLEIN, LLP
> 45 Main St., Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN
>
> Attorney For Plaintiff HARRY ROHAN

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROHAN HARRY,

                              Plaintiff,

                                                                        Index No.:

    -against-

CITY OF NEW YORK, RAYMOND JANSEN, ERIC
ROBINSON and JOHN and JANE DOE 1
Through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                Defendants

------------------------------------------------------------------X

**COMPLAINT**

                                                  LEVENTHAL & KLEIN, LLP
                                      Attorneys for Plaintiff Rohan Harry
                                          45 Main Street, Suite 230
                                          Brooklyn, New York 11201
                                                (718) 722-4100