UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROHAN HARRY,

                      Plaintiff,

    -against-

CITY OF NEW YORK, RAYMOND JANSEN, ERIC
ROBINSON and JOHN and JANE DOE 1
Through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                      Defendants

------------------------------------------------------------X

**PRELIMINARY PRE-TRIAL STATEMENT**

08 Civ. 5318 (LTS)

       Pursuant to the Initial Conference Order dated June 16, 2008, the parties respectfully submit the following Preliminary Pre-trial Statement, which constitutes the written report required by Fed. R. Civ. P. 26(f):

    a.   A concise statement of the nature of this action.

<u>Plaintiff's Statement:</u>

Plaintiff, a thirty year old African American resident of Brooklyn, New York, brings this civil rights action to recover damages for false arrest, malicious prosecution, abuse of process, violation of his right to free speech, and municipal liability, all pursuant to 42 U.S.C. § 1983. Plaintiff asserts supplemental state law claims that essentially mirror his federal claims, and seeks an award of attorneys fees and costs.

The action stems from an incident that occurred on December 1, 2006 at approximately 3:50 a.m., in front of 77 Avenue D, New York, New York, wherein plaintiff, who had not operated a motor vehicle in the defendant officers' presence or otherwise, was arrested for Driving While Intoxicated and for Driving While Impaired, in violation of New York's Vehicle and Traffic Law. Plaintiff was in fact stopped in the street by the defendants, who admit in the Criminal Court complaint that plaintiff was neither observed driving any motor vehicle, nor did he admit to operation of any motor vehicle to any of the defendants.

Notwithstanding the lack of any reasonable grounds to believe that plaintiff had committed any offense or violation, the defendants arrested plaintiff, swore out charges to the New York County District Attorneys' Office that plaintiff

committed the aforementioned crimes, and caused plaintiff to be incarcerated for approximately thirty-two hours. Plaintiff was finally released on his own recognizance after an arraignment in New York City Criminal Court during the afternoon of December 2, 2006. Plaintiff was forced to retain an attorney to defend the baseless charges, which cost him $2,500.00. Plaintiff was compelled to return to court on January 23, 2007, and then again on March 14, 2007. Upon information and belief, the criminal prosecution was dismissed and sealed on that date based on the District Attorney's concession that they could not prove their case beyond a reasonable doubt.

Defendants' Statement:

On December 1, 2006, a police officer observed plaintiff illegally park his automobile and enter a "bodega" grocery store. The officer approached plaintiff's illegally-parked automobile, the engine of which was running, as plaintiff exited the store. The officer asked plaintiff to move the car, at which point the officer observed a strong odor of alcohol on plaintiff's breath and that his pupils were dilated, and plaintiff was swaying and unsteady on his feet. Plaintiff was arrested for Driving While Intoxicated and Driving While Impaired. At the 9th precinct, a blood alcohol test was administered to plaintiff and he was found to have a blood alcohol level of .051.

b.   A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

Plaintiff's Statement:

Plaintiff submits that jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

Defendants' Statement:

Defendants do not challenge the Court's original jurisdiction over this matter, however, we respectfully submit that, should plaintiff's federal claims be dismissed, the Court should decline to exercise supplemental jurisdiction over plaintiff's purported state law claims, some of which are barred by statute.

c.   A concise statement of all material uncontested or admitted facts.

1. Plaintiff's arresting officer on December 1, 2006 was defendant Eric Robinson.
2. Plaintiff was arrested for the offenses of Operating a Motor Vehicle While Intoxicated (VTL 1192.3) and Operating a Motor Vehicle While Impaired (VTL 1192.1).
3. On March 14, 2007, the charges were dismissed and the criminal file sealed.

2

d.  A concise statement of all uncontested legal issues.

The parties agree that plaintiff was arrested and prosecuted for purposes of the false arrest and malicious prosecution claims. Plaintiff must prove his claims by a preponderance of the evidence. The individual defendants must prove by preponderance of the evidence that they are entitled to qualified immunity. Punitive damages may not be assessed as against the City of New York under State or federal law.

e.  A concise statement of all legal issues to be decided by the Court.

The Court may be called upon to decide: (1) whether there are material issues of fact that would preclude summary judgment; and (2) whether certain legal principles were clearly established at the time of the incident. Other legal issues may become prominent depending on the developments in this case, or may be presented by requests for jury instructions.

f.  Each party's concise statement of material disputed facts.

Plaintiff's Statement:

Plaintiff submits that he never operated a vehicle while intoxicated or while impaired in the defendants' presence or otherwise at the date and time of the incident.

Defendants' Statement:

1. Whether probable cause existed to detain and/or arrest plaintiff on December 1, 2006.
2. Whether it was objectively reasonable to believe that there was probable cause to detain and/or arrest plaintiff on December 1, 2006.
3. Whether probable cause existed to prosecute plaintiff for his arrest on December 1, 2006.
4. Whether it was objectively reasonable to believe that there was probable cause to prosecute plaintiff for his arrest on December 1, 2006.

g.  A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

1. First Amendment: Plaintiff submits that he was arrested in retaliation for making a reference to the highly publicized Sean Bell shooting to the defendants immediately prior to his arrest.
2. False Arrest: Plaintiff was intentionally confined by the defendants, who, while acting under color of law, took plaintiff into police custody, handcuffed

3

plaintiff, and caused him to be photographed, fingerprinted, and held in a jail cell, without probable cause or privilege.
3. Malicious Prosecution: Defendants Eric Robinson and Raymond Jansen advised the New York District Attorneys' office of the purported allegations against Mr. Harry, causing plaintiff to be arraigned and prosecuted based on allegations sworn to by Robinson and Jansen. The prosecution terminated in favor of Mr. Harry when it was dismissed and sealed on March 14, 2007.
4. Malicious Abuse of Process: The defendants caused plaintiff to be prosecuted to achieve a collateral objective outside of the ends of justice, to wit: to punish plaintiff for making comments about the Sean Bell shooting to the defendants immediately prior to his arrest.
5. Municipal Liability: Plaintiff asserts this claim pursuant to Monell v. NYC Dep't of Social Services, 436 U.S. 658 (1978), and its progeny.

h.  Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

1. The complaint fails to state a claim upon which relief can be granted. Goldman v. Belden, 754 F.2d 1059, 1065 (2d. Cir. 1985).
2. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.
3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of third parties and was not the proximate result of any act of defendants.
4. At all times relevant to the acts alleged in the complaint, defendants Jansen and Robinson acted reasonably in the proper and lawful exercise of their discretion.
5. Detectives Jansen and Robinson are entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194 (2001); Robinson v. Via, 821 F.2d 913 (2d Cir.1987).
6. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability. Estate of Yankel Rosenbaum v. City of New York, 982 F. Supp. 894 (E.D.N.Y. 1997); Mon v. City of New York, 78 N.Y.2d 309, 574 N.Y.S.2d 529, 531-32 (1991).
7. There was probable cause for plaintiff's arrest, detention, and prosecution. Therefore, there is no liability under Section 1983 for false arrest, false imprisonment and malicious prosecution. Singer v. Fulton County Sheriff, et al., 63 F.3d 110, 118 (2d Cir. 1995).
8. Plaintiff cannot state a claim against the City of New York because he cannot establish a constitutional violation, let alone an unconstitutional

          municipal policy, practice, or custom. <u>Vippolis v. Village of Haverstraw</u>, 768 F.2d 40, 44 (2d Cir. 1985), <u>cert. denied</u>, 480 U.S. 916 (1987).

9. Some or all of plaintiff's state law claims may be barred for failure to comply with applicable state law. <u>See</u> New York General Municipal Law §§ 50-e and 50-i.

10. Plaintiff's claims are barred, in part, by the applicable statute of limitations. <u>See</u> N.Y. Gen. Mun. L. §§50-e and 50-i.

i. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

<u>Plaintiff's Statement</u>

Plaintiff bears the burden of proving each cause of action by a preponderance of the evidence.

<u>Defendants' Statement</u>

Plaintiff must prove his claims by a preponderance of the evidence. The officer defendants must prove by preponderance of the evidence that they are entitled to qualified immunity. Defendants further state that the issue of Qualified Immunity is one of law for the Court to determine. <u>Stephenson v. Doe</u>, 332 F.3d 68 (2d Cir. 2003).

j. Whether and to what extent amendments to the pleadings and/or addition or substitution of parties will be required, and proposed deadlines therefore.

The parties propose that: (1) they may amend their pleadings until November 12, 2008 and (2) that they may amend their pleadings after November 12, 2008 only upon a showing of good cause.

- <u>Plaintiff's Statement:</u> Plaintiff may need to amend the pleading to add additional parties and/or claims.

- <u>Defendants' Statement:</u> Defendants do not anticipate amending the pleadings or adding parties.

k. A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented.

The parties do not consent to such transfer at this time.

5

l. What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

No changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), except, that the initial disclosures required under Fed. R. Civ. P. 26(a) will be made by both parties on or before September 19, 2008.

m. The subjects on which disclosure may be needed and a proposed discovery cut-off date.

At this time, the parties do not believe that fact discovery should be conducted in phases or be limited to or focused on particular issues. The parties propose that fact discovery be completed by April 10, 2008.

- Plaintiff's Plan for Discovery:

The plaintiff anticipates disclosure concerning the arrest and prosecution of plaintiff, and the personnel and disciplinary histories of the defendants, including depositions of all parties and relevant non-parties.

Defendants' Plan for Discovery:

Defendants' contemplated discovery includes, but is not limited, to the following:

1. Document discovery by of relevant information and documents.
2. Deposition of plaintiff.
3. Depositions of any additional non-parties identified throughout the course of discovery.
4. Defendants will seek disclosure of plaintiff's complete medical history, including psychiatric history, for the past five years.
5. Defendants will seek documentation regarding plaintiff's arrest and criminal prosecution.
6. To the extent plaintiff is claiming lost wages, defendants will seek records of any employer who employed plaintiff for the past ten years.
7. If there is a claim of lost income in this action, defendants will seek plaintiff's federal and state income tax returns since the incident and for the five years prior to the incident.
8. Defendants will seek documentation regarding insurance carriers with whom plaintiff has made claims within the last five years.
9. Defendants will seek documentation from Medicaid and/or Medicare pertaining to any claims plaintiff has made within the last five years.
10. Defendants will seek documentation from Social Security pertaining to any claims plaintiff has made within the last five years.

n.  Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

The parties do not anticipate the use of expert evidence at this time.

o.  What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

The parties do not believe that any discovery limitations or alterations to the discovery rules are necessary at this time.

p.  The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

The parties intend to commence settlement discussions upon the exchange of initial disclosures.

q.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

The case is to be tried with a jury. The parties expect that three to four days would be required for presentation of the entire case.

r.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

The parties, through their respective counsel, reserve their right to amend and to supplement this Preliminary Pre-Trial Statement. Defendants intend to object to any broad request for defendants' personnel or disciplinary records and intend to submit a proposed Stipulation and Protective Order for plaintiff's review and execution should a request for such records be made by plaintiff.

Dated: September 5, 2008

| | |
|---|---|
| LEVENTHAL & KLEIN, LLP<br>Attorneys for Plaintiff Rohan Harry<br>45 Main Street, Suite 230<br>Brooklyn, New York 11201<br>(718) 722-4100<br><br>By: _____<br>BRETT H. KLEIN | MICHAEL A. CARDOZO<br>Attorney for the Defendants<br>100 Church Street<br>New York, New York 10007<br>(212) 788-1816<br><br>By: _____<br>GABRIEL P. HARVIS |